Carroll
No. 6484

MICHAEL SAVCHICK

v.

JAMES J. KALLED, SPECIAL ADMINISTRATOR, & a.

January 31, 1973

*L. Hamlin Greene* and *McLane, Carleton, Graf, Greene & Brown* (*Mr. Arthur A. Greene, Jr.,* orally) for Michael Savchick.

*James J. Kalled,* special administrator, pro se, by brief and orally.

*Philip J. Ganem,* as guardian ad litem, pro se, and as attorney for Kathleen Buckley, Hazel Laramee, and Roland Gilkerson, heirs at law, by brief and orally.

*Blodgett & Makechnie,* for heirs of Howard Thompson, filed no brief.

GRIFFITH, J. This is a probate appeal presenting a tangled web of facts and procedure. Carrie Perkins died March 21, 1969, leaving a will and codicil naming Michael Savchick as executor. Her will was dated May 4, 1967, and the codicil December 6, 1967. As a result of a petition of inquisition filed June 21, 1967, Carrie Perkins had been declared mentally incompetent and Charles V. Sturdivant had been appointed her guardian by *Smart,* J., the then probate judge, on October 3, 1967. On November 28, 1966, May 3, 1967, and November 13, 1967, Carrie Perkins executed certain declarations of trust purporting to transfer at her death certain mutual funds and a bank account totalling slightly less than fifty thousand dollars to Michael Savchick. It also appears that certain other property was transferred during her lifetime to one Henry W. Mead.

Michael Savchick's petition for probate of Carrie A. Perkins' will in common form was filed in the probate court on April 4, 1969. The petition declared that the personal estate did not exceed five thousand dollars and there was no real estate. *Galanes,* J., acting judge of probate, took no action on this petition but on June 5, 1969, on his own motion ordered the will and codicil to be proved in solemn form with notices to all witnesses and interested parties. *Galanes,* J. further named Attorney Philip J. Ganem as guardian ad litem to represent minors, mental incompetents and nonresident legatees and heirs at law at the hearing to be held July 2, 1969.

On the probate in solemn form none of the heirs at law appeared in opposition to the will but in addition to the guardian ad litem, *Galanes,* J. appointed Attorney Arlond Shea as counsel to examine witnesses. After the hearing on proof in solemn form the probate court disallowed the offered will and codicil and on its own motion appointed

Attorney James J. Kalled as special administrator. In the court's decree it directed the special administrator to "marshall all the assets, including any and all actions necessary to recover the real and personal property of the decedent in the hands of Henry W. Mead and Michael Savchick pay all debts of the decedent and hold the balance in his hands until further order of the court."

Michael Savchick appealed to the superior court from this decree and prayed that the will and codicil be allowed. In addition he prayed that the superior court remove the special administrator and order him not to proceed against Savchick and Mead as ordered by the probate court. James Kalled as special administrator and Philip J. Ganem as guardian ad litem both appeared in opposition to the appeal. Savchick filed motions to strike both appearances from the record alleging that no heir at law was opposing the probate of the will and codicil and the sole opposition came from lawyers with no clients. On July 1, 1970, the Trial Court, *Loughlin*, J., denied the motions of Savchick to strike the appearances of the special administrator and guardian ad litem subject to exception. A proposed reserved case was filed by Savchick to which both the special administrator and guardian ad litem objected. On August 27, 1970, the trial court ordered the executor's proposed case accepted unless action was taken by the other parties by September 4, 1970.

On September 2, 1970, Philip J. Ganem entered an appearance on behalf of Kathleen Buckley, Hazel Laramee, and Roland Gilkerson, three of the four heirs at law. The fourth heir at law, Dr. Howard E. Thompson, died August 21, 1970, and on October 9, 1970, Blodgett and Makechnie moved to appear on behalf of his executors. Motions to appear on behalf of the heirs at law were granted by *Grant*, J. who denied Savchick's motion to reconsider the motions to strike the appearances of the special administrator and guardian ad litem, if the heirs at law were permitted to appear. The exceptions of Savchick were reserved and transferred by *Grant*, J.

In the course of the ponderous progress of the appeal to this court many issues have become moot. Savchick does not oppose the appearances on behalf of the heirs at law

and no longer opposes the sua sponte actions of the probate court. Neither does he seek to prevent the special administrator from litigating certain suits he has brought against Savchick and Mead.

The objection to the appearances of the guardian ad litem and the special administrator must be viewed in the light of the present posture of the case. No reason appears for the continuance of the appearance of the guardian ad litem when all the parties he previously represented are personally represented by counsel in opposition to the will. Accordingly plaintiff's exception to the denial of their last motion to strike the appearance of the guardian ad litem in his pro se capacity is sustained.

The appearance of the special administrator stands in a slightly different light in view of the issues in the case. It is apparent that the major conflict between the parties lies not so much in the probate of the will as in the conflict between the interests of the estate and those of Savchick and Mead. The will and codicil devised all real estate to Dr. Howard Thompson whose estate has now appeared in opposition to the probate. Kathleen Buckley and Hazel Laramee are residuary legatees of two-thirds of the residue of the estate. Neither Savchick nor Mead takes anything under either the will or codicil and the only non-heir at law taking under the will and codicil is a Nellie Greenwood who takes the final third of the residue.

The apparent result of the will and codicil is to deal generously with all the heirs at law except Roland H. Gilkerson. The actual result is to give them practically nothing in view of the transfers to Savchick and Mead. The inventory of the guardian of Carrie Perkins, accepted July 31, 1969, shows no real estate but does show assets exclusive of the property transferred by declarations of trust totalling less than four thousand dollars. It will thus be seen that Dr. Thompson's estate takes nothing from the estate under the will and codicil and Kathleen Buckley and Hazel Laramee will receive either nothing or at the most a nominal amount if the transfers to Mead and Savchick are upheld.

The special administrator argues that since the will contest will be tried first he should be permitted to participate since

the issues of the decedent's mental capacity and undue influence are the principal issues in both the will contest and his actions against Savchick and Mead. The determinative factor underlying the entire case here is as was stated earlier that the will contest is subsidiary to the contest for assets. Under these circumstances we are of the opinion that the trial court should direct that the trial of the actions brought by the special administrator against Savchick and Mead precede any trial of the will contest. It appears that Savchick also claims to hold assignments from Dr. Thompson and Kathleen Buckley of their interests in the estate. These claims are contested by the Thompson estate and Kathleen Buckley and may be litigated either before or after the will contest. The special administrator has no interest in the will contest and his appearance there is stricken except insofar as he is entitled to be heard on the scheduling of its trial.

*Exceptions sustained in part; remanded.*

All concurred.